FREDERICK A. MALLERY, RESPONDENT, v. ERIE RAILROAD COMPANY, APPELLANT.

Argued March 23, 1914—Decided November 16, 1914.

1. In an action for false imprisonment in which the declaration alleged lack of probable cause and the answer set up as a defence the existence of such cause, the question thus placed in issue by the parties was submitted to the jury, who found for the plaintiff, who has judgment. *Held,* upon the appeal of the defendant that the error of submitting the question of probable cause to the jury, when there was no conflict in the testimony, does not entitle the appellant to a reversal of the judgment unless a finding of probable cause, if made by the trial court, would be supported by evidence.

2. A commuter on the railroad of the defendant between New York and Passaic, where he resided, took an early morning train from New York and fell asleep before the train reached Passaic and did not awake until it had drawn out of that station, at which time the conductor refused to stop the train until it reached Paterson. Upon the refusal of the passenger to pay the

fare from Passaic to Paterson the conductor caused his arrest under the fifty-ninth section of the General Railroad act, for which the passenger recovered damages in an action of false imprisonment, from which the defendant appealed. *Held*, that there was no evidence that would support a finding by the trial court that the defendant had probable cause to believe that the plaintiff had "knowingly and willfully proceeded on such train" beyond the point to which he had paid his fare, which is the essential provision of the statute under which he was imprisoned. *Quære*. Whether the doctrine of "probable cause" is applicable to actions for false imprisonment, and if so whether it constitutes a defence to an action for an unlawful arrest made under section 59 of the General Railroad act?

On appeal from a judgment of the Supreme Court.

For the appellant, *Collins & Corbin.*

For the respondent, *Lefferts & Lefferts.*

The opinion of the court was delivered by

GARRISON, J. This appeal brings up a judgment recovered by the respondent in an action for false imprisonment. The declaration described the unlawful imprisonment and charged that it was without any reasonable or probable cause; an amended answer, filed after the new Practice act took effect, set up as a defence that defendant caused the plaintiff's arrest under section 59 of the General Railroad act, having probable cause to suspect that the plaintiff, "having paid his fare for a certain distance, to wit, from Jersey City to Passaic, was knowingly and willfully proceeding on such train beyond such distance without previously paying the additional fare for the additional distance and with intent to avoid the payment thereof," which is the exact language of the statutory provision cited.

The question of probable cause, which both parties had thus made an issue, was submitted to the jury who found for the plaintiff, *i. e.,* that there was no probable cause for his arrest under the statute in question.

The main contention of the appellant is that it was error to submit the question of probable cause to the jury where the

facts were not in dispute and that such error was injurious to the appellant, because the trial court itself ought to have decided the question of probable cause and, inferentially, ought to have decided it favorably to the appellant. The refusal of the trial court to grant a motion for a nonsuit or to charge a request that was in effect a direction of a verdict, presents this contention of the appellant.

The appellant correctly apprehends that the error of leaving the question of probable cause to the jury would not lead to a reversal unless the other proposition also is true, viz., that the trial court ought to have decided that question favorably to the appellant, for unless this be so, the submission of the question to the jury gave the appellant a chance to which it was not entitled; the appellant is not injured if the trial court ought to have decided as the jury in fact did decide.

The controlling consideration therefore is not whether the question ought to have been decided by the trial court (which may be conceded) but whether it ought to have been decided favorably to the appellant, or to state it in another way, whether, if the trial court had decided that probable cause was shown, such decision would be supported by any evidence. Unless this be so, the error complained of was a harmless one, for which a judgment will not be reversed; this is so by force of the general principles of appellate procedure and also by virtue of section 27 of the new Practice act.

Upon the merits it is clear to us that the case is entirely barren of any evidence that the appellant had probable cause to believe that the respondent "knowingly and willfully proceeded on the train" beyond Passaic, the destination called for by his commutation ticket, which was his home to which he was returning in the early morning after a night which he had rendered trebly arduous by interspersing his journalistic labors with card playing and indulgence in strong drink. The uncontroverted testimony is that the respondent was carried past Passaic because he was asleep when the train stopped at that station, and that when he awoke the train had drawn out of the station and the conductor would not stop it to let him off as he desired and requested, indeed, as he, according to the

appellant's witnesses, vociferously demanded. It is true that he refused to pay a fare for the ride that he was thus compelled to take, but such refusal, however emphatic it may have been, is insignificant under the statutory proceeding under which he was arrested unless the ride on the train by which the liability to pay a fare was incurred was undertaken by the passenger "knowingly and willfully" with the fraudulent design of getting such ride without paying for it. This is not only the plain statement of the statute, but it is also the meaning the statute must have in order to save it from being a mere imprisonment for debt, which is probably all that it would be if no such element of fraud entered into the transaction. And such fraudulent element does not enter into it unless the ride for which the fare was demanded had been knowingly and willfully taken with the fraudulent design of securing such ride and avoiding the payment therefor.

Apart from this element of fraud the passenger would be a mere debtor of the carrier for the amount of the lawful fare and as such, in the absence of fraud in the contraction of such debt, be no more amenable to imprisonment for such debt than any other debtor would be for any other debt. Fraud is therefore necessarily of the essence of the offence in question, and to such fraud it is essential that the respondent should have proceeded on the train beyond Passaic in pursuit of a fraudulent design so to do, which cannot possibly be true of a passenger whose desire was to get off at his home station and who was carried beyond it solely because he was asleep, which is without any dispute in the testimony the fact in the present case.

The refusal of the respondent to pay the twelve-cent fare demanded of him for the distance he was unwillingly carried may have constituted a refusal by a passenger to pay a lawful debt incurred by his own negligence, but it was not a debt contracted by fraud for which he could be constitutionally imprisoned or for which a fine could be summarily imposed upon him under the statute in question—under which, by the way, such fine goes wholly to the common carrier.

It is only by misreading the statute or by confusing "know-

ingly and willfully proceeding on the train" in pursuit of a fraudulent design with knowingly and willfully refusing to pay a debt that was not fraudulently contracted that the existence of probable cause in the present case could find any lodgment in the judicial mind. It will not be assumed that the trial court would have fallen into this error, and if it had, being one of law, it would be our duty to correct it.

Fraudulent design in the contraction of the obligation to pay the demanded fare being thus the key to this statutory provision, our examination of the testimony satisfies us that there is not a scrap of evidence that such a design existed in the mind of the respondent or that the conductor who caused his arrest had any probable cause to suspect its existence. There is nothing in the proofs to cast the slightest doubt upon the fact that the sole reason the respondent was carried past Passaic was that he had fallen asleep; the appellant's witnesses did not intimate that this was not the fact, and the conductor who caused the arrest does not for a moment pretend that the respondent was shamming, or that he thought it part of a fraudulent design to secure a ride to Paterson. Even if he had so testified, it would have been entirely without foundation. In fact the sole and only ground given by the conductor as the basis on which he acted is contained in the following questions and answers:

"*Q.* Why did you think he was trying to beat the railroad company out of a fare?

"*A.* Because several others had tried to do it.

"*Q.* Oh, just because several others had tried to do it, you suspected him—you had no reason to suspect Mr. Mallery?

"*A.* No more than anybody else."

It being thus clear that if the trial court had decided the question of probable cause favorably to the appellant, such a decision would be unsupported by evidence, the submission of the question to the jury was not an error for which the judgment against the appellant should be reversed.

The other criticisms of the charge we find to be unfounded; but to avoid misapprehension it would be well to state that we have not considered whether the doctrine of probable cause

has any proper place in an action for false imprisonment or whether in an action based on an imprisonment under the fifty-ninth section of the General Railroad law probable cause is a defence.

For the reasons given the judgment of the Supreme Court is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BOGERT, HEPPENHEIMER, JJ. 11.

*For reversal*—None.